## Monahan *v.* Auman, Appellant.

*Judgments—Cautionary judgments—Frauds—Appeals.*

A simple contract creditor with no lien or charge on his debtor's real estate, has no right after he has begun suit, to a cautionary judgment based on a petition averring that the defendant is about to confess judgments to others or sell his lands with intent to defraud the plaintiff.

An appeal lies from an order refusing to strike off a cautionary judgment.

Argued March 8, 1910. Appeal, No. 32, March T., 1910, by defendant, from order of C. P. Luzerne Co., May T., 1907, No. 106, refusing to strike off cautionary judgment in case of F. J. Monahan v. William H. Auman, Jr. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to strike off cautionary judgment.

The opinion of the Superior Court states the case.

*Error assigned* was the order refusing to strike off the cautionary judgment.

*Edward C. Klonower*, with him *James L. Lenahan*, for appellant.—A cautionary judgment is not a right to a mere contract creditor: Shirley v. Watts, 3 Atkyns, 200; Wiggins v. Armstrong, 2 Johns. Ch. 144; Artman v. Giles, 155 Pa. 409; Kelly v. Herb, 157 Pa. 41; Mills v. Ry. Co., C. L. R. 5 Ch. App. Cases, 621; Hood v. Saunders, 11 Col. 106 (17 Pac. Repr. 102); Kankakee Mill Co. v. Kampe, 38 Mo. App. 229;

Brumbaugh v. Jones, 70 Neb. 789; Haston v. Castner, 31 N. J. E. 697.

*M. J. Mulhall,* for appellee filed no printed brief.

OPINION BY RICE, P. J., April 18, 1910:

This action of assumpsit was brought in March, 1907; it was tried in 1908 and resulted in a verdict for plaintiff for $910.75; in June of the same year judgment was entered on the verdict; in October following an appeal was taken by the defendant to this court which on April 12, 1909, resulted in a judgment of reversal with a venire facias de novo; and on April 19, 1909, the record was remitted to the common pleas. In the following month the plaintiff presented his petition to that court.setting forth the above facts; also that the defendant was the owner of certain described real estate in Luzerne county; that since the institution of this suit he had confessed two judgments, one for $1,000 and the other for $800; that the plaintiff was informed and believed that certain property which defendant owned in Philadelphia at the time the suit was brought had been swept away by judgments fraudulently confessed by him; and that the plaintiff was apprehensive that the defendant would sell or incumber the Luzerne real estate for the purpose of hindering, delaying and defrauding the plaintiff in the collection of an honest and just claim. The petition concluded with a prayer that the court enter a "cautionary judgment" against the defendant for $912.80 with interest from March 20, 1907: "as a lien on the said real estate and in order to secure your petitioner the amount which may be found due him upon the final disposition of the suit." Upon presentation of the petition, of which no notice appears to have been given the defendant, the court entered a "cautionary judgment" in favor of the plaintiff and against the defendant for $1,026, the amount claimed. On the trial of the case on June 7, 1909, the court entered a compulsory nonsuit and granted a rule to show cause why it should not be taken off, which is still pending. On August 3, 1909, the court granted a rule to show cause why the cautionary judgment should not be struck off, and from the subsequent order

denying the motion "without prejudice to renew this application at any time when the action of the court in the disposition of the case justifies it," this appeal was taken.

It will be observed that at the time the plaintiff made his application he was a simple contract creditor with neither judgment nor lien upon nor interest in the property sought to be charged. No statutory authority exists for entering such interlocutory judgment and no common-law principle has been suggested, and there is none that we are aware of, that will sustain it. The learned judge refers in his opinion to three comparatively late common pleas cases in which similar action was taken, but these contain no intimation of the source of the extraordinary power exercised. While we entertain the highest respect for the courts that made those orders we cannot regard them as binding precedents. No other precedents have been cited and we have found none in the course of our investigation. A rule of procedure which permits a plaintiff before his claim has been definitely established by due process of law and who has no lien upon or interest in the defendant's property to thus incumber and thereby interfere with the free alienation of the same without even giving security or notice to the defendant would be contrary to well-settled common-law principles and is not established by authoritative precedent. We are constrained to hold, therefore, that the judgment was unauthorized.

It is claimed that no appeal lies from such a judgment or the refusal to strike off the same. But sec. 1 of the Act of May 20, 1891, P. L. 101, provides that in all cases of application for the opening, vacating and striking off of "judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise" the party aggrieved by the decision may appeal, and such cause shall thereupon be heard, reviewed and decided upon the appeal in like manner as appeals from final decrees. The language of this section is broad enough to include the appeal in question, and we think it is clearly within the true intent and meaning of the statute.

The order is reversed and the cautionary judgment entered on May 27, 1909, is struck off, at the costs of the plaintiff.